## STATE OF NEW-HAMPSHIRE *vs.* S. A. PEARSON *et al.*

A complaint for a forcible entry, must allege that the complainant was seized of the premises, or possessed thereof for a term of years, and that the entry was with a strong hand.

THIS was a writ of certiorari, commanding two justices of the peace in this county to certify their doings upon a certain process of forcible entry and detainer, had before them upon the complaint of *Thomas S. Tillotson.* The complaint, upon which the justices had proceeded, was as follows :

" To *W. L.* and *J. B.* esquires, &c. complains *T. S. Til-* " *lotson*, that *S. A. Pearson* and *Benjamin Stephenson*, on the " fourth day of March last past, with force and arms did " forcibly and unlawfully enter into, and upon, a certain

" tract or parcel of land together with a store thereon
" standing, lying and being situate in Lancaster aforesaid,
" &c.; and him the said *Thomas S. Tillotson* with force and
" arms as aforesaid, the said *S. A. Pearson & B. Stephenson*,
" did expel and unlawfully put out of possession and occupa-
" tion of the premises aforesaid, and with force and arms,
" as aforesaid, do unlawfully hold the possession of the same
" from him, the said *T. S. Tillotson.*"

The respondents being found guilty by a jury, were or-
dered by the justices to pay a fine and costs, &c. ; where-
upon, they brought up the record by this certiorari, and
moved the court to quash the proceedings for defects in the
complaint.

RICHARDSON, C. J. Two exceptions have been taken to
the complaint, upon which the proceedings now before us
were founded. In the first place it is objected, that the en-
try is not alleged to have been made with a strong hand and
armed power; and in the next place, that the complainant
is not alleged to have been seized, or possessed, for a term
of years, of the land into which the entry was made. The
act entitled, " An act directing the proceedings in case of
"forcible entry and detainer of lands or tenements," requires
that there shall be a complaint in writing, but does not de-
clare what it shall contain, nor in any way define the nature
of a forcible entry. We must then resort to the common
law, and the statutes made in amendment of the common law,
to ascertain who may have process of forcible entry, and
what amounts to such an entry.

We have attentively examined the authorities, and it seems
to us, that any person who is seized of land in fee for life,
or possessed thereof for a term of years, and who is with
strong hand and armed power turned out of possession, or
held out of possession in the same manner, may have this
process. 1 *Hawkins P. C.* 274.—*Com. Di.* " *Forcible En-
try.*"—*Province Laws* 43.—*Statute of* 13*th Anne, cap.* 31.—1
*Caine's Rep.* 124, *The People vs. Shaw.*—10 *Mass. Rep.* 403,
*Commonwealth vs. Dudley.*—2 *Caine's Rep.* 98.—8 *Johnson*
464, *The People vs. Runkle.*—8 *John.* 44, *Mather vs. Hood.*—

State
*vs.*
Pearson et al.

10 *Johnson* 304.—3 *Burrows* 1731, *Rex vs. Bathe et a.*—8 *D. & E.* 357, *the King vs. Wilson.*

It is of no importance whether the seisin be by right or by wrong, or whether the term for years be legal or not.(1) But there is no doubt that the complaint must allege,that the complainant was seized or possessed for a term of years.(2) It is equally clear, that the entry must be alleged to have been with a strong hand and armed power. 8 *D. & E.* 357. 13 *Johnson* 340.—8 *Johnson* 44.–3 *Burrows* 1731.—*Co. Litt.* 257, *b.*

(1) 11 John.
504.

(2) 2 Caine
98.—8 John.
44.—13 ditto
340.

In the present case, the complaint describes nothing more than a common trespass, and is, in that particular, bad. It is also defective in not stating that the complainant was seized or possessed for a term of years. Either of these grounds will warrant us in quashing the proceedings.

*Proceedings quashed.*